## Pittsburgh Dry Cleaners & Furriers, Inc. v. Glunt

*R. J. Milie*, for plaintiff.

*Scales & Shaw* and *Lightcap, McDonald & Moore*, for defendants.

WEISS, J., August 21, 1963.—William J. Glunt, one of the defendants, filed a petition for severance aver-

ring that the trial of plaintiff's alleged claim against him with any claim plaintiff may have against defendant, Clair A. Spahn, would only confuse issues and prejudice petitioner's defense. The matter is before the court en banc upon the petition for severance.

Defendant, William J. Glunt, is engaged in the business of drilling wells. Defendant, Clair A. Spahn, installs water pumps in wells. Plaintiff contracted with Glunt in the amount of $753 for drilling his well. Plaintiff then contracted with Spahn for the installation of a pump for the sum of $824.78. In the complaint, plaintiff averred that defendants knew that the well and pump were to be used to furnish water to him in the operation of his dry cleaning business. Further, they warranted and guaranteed him that it would provide a sufficient supply of water for plaintiff's needs and purposes. The pump has apparently never produced sufficient water for plaintiff's business as was allegedly guaranteed plaintiff by defendant, Glunt. Plaintiff also incurred losses in obtaining water from other sources.

In the answer to the complaint in assumpsit, defendant Glunt averred that he is engaged solely in the business of water well and test hole drilling and further that the well, as completed by him, was efficient enough to produce the 7 to 10 gallons of water per minute which he had guaranteed it would produce. Further, defendant Glunt averred that a submersible pump would never be satisfactory in the well because of the composition of the underlying strata, and the reason for the inadequate water production is the use by plaintiff of an improper pump.

Defendant, Clair A. Spahn, however, has averred that any difficulty with obtaining water at the rate of 7 to 10 gallons per minute is caused as a result of poor construction of the well, rather than an inefficient pump or a faulty installation of the pump.

The defense of each defendant is in apposition to the other. Because of this, defendant Glunt has requested a severance. Defendant Glunt has averred that because each defendant will be attempting to place the blame on the other, it would be an unfair benefit to plaintiff and an unfair detriment to each of the defendants. There is little, if any, doubt that this will be of a benefit to plaintiff: however, it should not be a detriment to either of the defendants, as each of them will have the opportunity to prove their case as best they might. Pa. R. C. P. 2229, sections (b) and (d), read as follows:

"(b) A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action.

"(d) A person who asserts a cause of action ex contractu may join as defendants all or any one or more persons alleged to be liable to him on or by reason of the breach of the contractual obligation sued upon, regardless of the capacities in which such persons are respectively liable or whether they are primarily or secondarily liable or whether their liabilities arise from the same or separate acts or undertakings; but where the liability of any defendant is solely joint, the plaintiff shall join all other persons jointly liable with such defendant."

The above captioned rules have been interpreted in the case of Sarfert Hosiery Mills, Inc. v. Parayarn Company, Inc., 75 D. & C. 58. In Sarfert Hosiery Mills v. Parayarn Co., supra, defendants alleged that plaintiff was suing on two entirely separate contracts which is analogous to the present situation. The finished product in that particular case was to be socks. The ques-

tion in the production of the socks was whether or not the warranty of the material used in their production failed, or whether the dye used in coloring the socks was improper. Both defendants requested a severance. However, the court denied it, stating unequivocally that even though two separate contracts are involved, this does not of itself prevent the joinder of parties. The present situation is also involved with a certain product, namely, the production of water. The fault, if there be one, must either lie in construction of the well or the pump which is used to bring the water out of the well. These contracts are a series of occurrences; and common questions of fact are presented which probably would be proved or disproved by the same witnesses. The duplication of pleadings and proof will be avoided. There also will be eliminated the possibility of inconsistent verdicts; and a needless waste of the court's time will be prevented. See Toth v. O'Brien, 44 D. & C. 405 (1942).

It is quite apparent that all the issues can be litigated in one simple action without prejudice or inconvenience to any of the parties, and therefore the petition for severance will be denied.

*Order*

And now, August 21, 1963, after argument and due and careful consideration, it is ordered, adjudged and decreed that the petition for severance by defendant, William J. Glunt, should be and the same is hereby denied.